UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

CARLOS VASQUEZ,                )
                               )
        Plaintiff,              )
                               )
    vs.                         )    4:17CV88-PPS
                               )
STEINER ENTERPRISES INC. d/b/a  )
Mitchell Fabrics LLC ,          )
                               )
        Defendant.              )

## OPINION AND ORDER

Carlos Vasquez, acting without an attorney, filed this action using the court's form Employment Discrimination Complaint. As the caption above indicates, Vasquez identified the defendant as Steiner Enterprises, Inc., doing business as Mitchell Fabrics LLC. [DE 1 at 1.] The complaint alleges discrimination actionable under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, based on Steiner's failure to hire Vasquez for a warehouse specialist position. [*Id*. at 1, 6.] Now before me is a motion for summary judgment filed by Steiner, as well as a motion by Vasquez seeking to strike Steiner's affirmative defenses. [DE 23, 34.] Both motions are fully briefed and ripe for ruling.

Steiner's first argument for summary judgment is that Vasquez has sued the wrong defendant. Steiner offers evidence that, although it and Mitchell Fabrics have the same president, Thomas Hicks, and "occupy adjacent halves of a single building," the two entities are distinct corporations, engaged in different types of business [engineering

design v. textiles], do not have a parent-subsidiary relationship, and neither "controls any stake, equity, or interest in the other." [DE 23-2 at ¶¶2-7.] The warehouse position that Vasquez applied for was with Mitchell Fabrics, not Steiner Enterprises. [*Id*. at ¶¶10-11.] Vasquez attempts to dispute these facts with evidence that the two companies share a controller (as well as a president) and responded jointly to Vasquez's EEOC charge. [DE 32 at 5.]

In his complaint Vasquez sometimes uses the plural "defendants" to describe both Steiner Enterprises and Mitchell Fabrics, but the designation "Steiner Enterprises d/b/a Mitchell Fabrics LLC" signifies a single entity. As a non-lawyer, Vasquez may not have understood that his complaint named only a single defendant. For example, in the complaint's blank for the defendant's address, Vasquez has given separate addresses for Steiner Enterprises (3532 Coleman Ct. in Lafayette, Indiana) and Mitchell Fabrics (8097 Constitution Dr. in Syracuse, Indiana). [DE 1 at 1.] Nonetheless, Vasquez completed only a single summons, and the complaint was served only on Steiner Enterprises at the Lafayette address. [DE 4 at 1.] All this means that the court has jurisdiction only over Steiner Enterprises, not Mitchell Fabrics. Vasquez has not brought a lawsuit that allows relief to be awarded against Mitchell Fabrics even if it turns out that Vasquez has a meritorious claim against Mitchell Fabrics.

These circumstances persuade me that Mitchell Fabrics is what Rule 19 of the Federal Rules of Civil Procedure refer to as a "required party." Mitchell Fabrics "is subject to service of process and [its] joinder will not deprive the court of subject matter jurisdiction" over the federal questions posed by Vasquez's claims. Fed.R.Civ.P. 19(a)(1).

The rule provides that Mitchell Fabrics "must be joined as a party" because in its absence "the court cannot accord complete relief among existing parties." Rule 19(a)(1)(A). Mitchell Fabrics' joinder as a party is also required because it has an interest relating to the subject matter of the action (to defend itself against Vasquez's claims) and that interest could be impaired or impeded if the action goes forward without Mitchell Fabrics present to offer its own defense, such that Steiner Enterprises could possibly be subject to an unjust liability. Rule 19(a)(1)(B). Based on these conclusions, I am required by Rule 19(a)(2) to order that Mitchell Fabrics be made a party.

I will therefore order Vasquez to file a first amended complaint in which he adds Mitchell Fabrics as a party-defendant. Vasquez may of course omit Steiner Enterprises if he is persuaded that his claims are properly asserted against Mitchell Fabrics only. But if the first amended complaint names both Mitchell and Steiner, and both defendants are properly before the court, I will be in a better position to evaluate arguments about their corporate relationship, if any, and about the potential liability of each for the failure to hire Vasquez. Steiner's motion for summary judgment has helpfully spotlighted that Mitchell Fabrics is a necessary party, but to the extent that the motion goes on to address the merits of Vasquez's discrimination claims even though Steiner claims not to have been responsible for the hiring decision, the motion will be denied without prejudice because those liability issues should be addressed with Steiner and Mitchell each advocating on its own behalf.

Because Vasquez is already being directed to amend his complaint, I note another possible clarification he may wish to make. The "Nature of Case" section of Vasquez's

original complaint indicates that "suit is also brought against Randall Holmes...for retaliation and materially adverse action taken against plaintiff Vasquez for engaging in the protected activity of filing of a charge regarding vehicular motor party safety..." [DE 1 at 3.] Because Randall Holmes is not identified in the caption (or referenced anywhere in the first page of the form complaint) the Clerk has not recognized Holmes as a defendant on the docket of the case. Nor has Vasquez made service of process on Holmes. The first amended complaint provides Vasquez an opportunity to properly identify Holmes as a party-defendant by naming him in the caption of the complaint and then to serve Holmes with a summons and complaint so as to bring him before the court to answer any claims made against him.

Also before me now is Vasquez's Motion to Strike All Affirmative Defenses of Defendant Steiner Enterprises. [DE 34] This motion is a single page with no memorandum in support. The brief explanation offered is a reference to Steiner's willful destruction and failure to preserve various application documents and employee information. This suggests that the authority for the sanction is Rule 37, which governs failures to make disclosures or to cooperate in discovery. This court's Local Rule 7-1(b)(2) requires that such a motion have a supporting brief. On this basis alone, the motion could be (and will be) denied. In addition, a motion based on discovery obligations should have been made during the discovery phase of the case before Judge Rodovich, which ended August 31, 2018. Instead, Vasquez filed his motion to strike some 7 months later on March 29, 2019.

With so little explanation, the motion is nearly incomprehensible, and Vasquez's attempt to provide supporting argument in his reply memorandum merely muddies the waters and comes too late to allow his opponent to address the rationale for the relief requested. In any event, Vasquez's reply still fails to offer a cogent explanation of the conduct the motion is based on, or a persuasive rationale for the harsh sanction he requests based on any applicable standard. The motion will be denied. Because discovery will be reopened with the addition of Mitchell Fabrics (and possibly Randall Holmes) as parties, Vasquez will have an appropriate opportunity to pursue discovery about applications to Mitchell Fabrics and to seek any related discovery sanctions.

ACCORDINGLY:

Pursuant to Fed.R.Civ.P. 19(a) and 21, plaintiff Carlos Vasquez is ordered to file, within 30 days of the date of this order, a first amended complaint adding Mitchell Fabrics LLC as a party-defendant.

Defendant Steiner Enterprises, Inc.'s Motion for Summary Judgment [DE 23] is DENIED WITHOUT PREJUDICE.

Plaintiff Carlos Vasquez's Motion to Deny and Strike All Affirmative Defenses of Defendant Steiner Enterprises [DE 34] is DENIED.

**SO ORDERED**.

ENTERED: August 15, 2019.

       /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT