UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| CARLOS VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-88 |
| | ) | |
| STEINER ENTERPRISES INC., | ) | |
| MITCHELL FABRICS LLC, | ) | |
| MARCO HOLDINGS LLC, | ) | |
| EA STAFFING SVCS INC., and | ) | |
| RANDALL HOLMES, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for the Court to Grant Leave to Extend Time for Plaintiff to Respond to Defendants [ECF 77] Mitchell Fabrics LLC; [ECF 49] Steiner Enterprises Inc. Motion on the Pleadings; [ECF 65] Marco Holdings LLC; and [ECF 68] Randall Holmes Motion to Dismiss [DE 82], and the Motion to Compel Defendants to Respond to Plaintiff's Interrogatories [ECF 20] to Distinguish Company Officer Duties [DE 84] filed by the *pro se* plaintiff, Carlos Vasquez, on April 28, 2020 and May 5, 2020.  For the following reasons, the Motion for the Court to Grant Leave to Extend Time for Plaintiff to Respond to Defendants [ECF 77] Mitchell Fabrics LLC; [ECF 49] Steiner Enterprises Inc. Motion on the Pleadings; [ECF 65] Marco Holdings LLC; and [ECF 68] Randall Holmes Motion to Dismiss [DE 82] is **GRANTED in part and DENIED in part**, and the Motion to Compel Defendants to Respond to Plaintiff's Interrogatories [ECF 20] to Distinguish Company Officer Duties [DE 84] is **DENIED.**

*Background*

On March 4, 2020, the court held a settlement conference on the instant matter.  The case did not settle.  Thereafter, on March 12, 2020, the court ordered that the plaintiff had until April 30, 2020 to file responses to Defendant Steiner Enterprises' Motion for Judgment on the Pleadings [DE 49], Defendant Marco Holdings LLC's Motion to Dismiss [DE 65], and Defendant Randall Holmes' Motion to Dismiss [DE 68].  On March 27, 2020, the defendant, Mitchell Fabrics LLC, filed a Motion for Summary Judgment [DE 77].  The plaintiff has not filed responses to any of these pending dispositive motions.

Although hard to decipher, the plaintiff's motion for extension of time requests additional time to respond to the pending dispositive motions, the court to reopen discovery, and leave to amend his Complaint for a third time.  Additionally, the plaintiff's motion to compel argues that the defendants have not complied with a discovery request from May 4, 2018.  The defendants filed responses in opposition on April 30, 2020 and May 6, 2020.  The plaintiff filed replies on May 7, 2020 and May 15, 2020.

*Discussion*

A court may grant a motion filed after a deadline only if "the party failed to act because of excusable neglect."  **Federal Rule of Civil Procedure 6(b)(1)(B)**; *see* ***Murphy v. Eddie Murphy Prods., Inc.***, 611 F.3d 322, 324 (7th Cir. 2010) ("[A] motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'") (citation omitted).  An excusable neglect determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."  ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993); *see* ***Raymond v. Ameritech Corp.***, 442 F.3d 600, 606 (7th Cir. 2006).  When evaluating a claim of excusable

neglect, courts should consider the danger of prejudice, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

The plaintiff claims that he was unaware of the pending dispositive motions. Specifically, he contends that he has not been served with Steiner's motion for judgment on the pleadings. However, all of the pending dispositive motions contain certificates of service indicating that the motions were served on the plaintiff by U.S. mail. **Federal Rule of Civil Procedure 5(b)(2)(C)** provides for the service of a paper by "mailing it to the person's last known address—in which event service is complete upon mailing." Accordingly, service was proper and was completed upon mailing.

Furthermore, the plaintiff asserts that given the current disruptions caused by COVID-19 he has been unable to adequately respond to the pending dispositive motions. The plaintiff has indicated that he cannot access the internet from the public library. The court will allow the plaintiff additional time to respond to the pending motions. However, the plaintiff is **WARNED** that no further continuances will be granted. The plaintiff has up to and including **June 16, 2020** to respond to the pending dispositive motions.

The plaintiff also indicates that he needs more time to conduct discovery. Discovery closed on August 31, 2018. Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The plaintiff has not shown that the established timetable could not be meet. Also, other than Mitchell Fabrics' motion for summary judgment, the pending dispositive motions are Federal Rule of Civil Procedure 12 motions. The Rule 12 motions argue that, on its the face, the plaintiff's amended

complaint fails to state a claim, rather than on the evidence.  Moreover, with regards to Mitchell Fabrics' motion for summary judgment, the plaintiff has not requested discovery relief under Federal Rule of Civil Procedure 56(d).  The court finds that the plaintiff has not shown good cause to reopen discovery.

Finally, the plaintiff seeks to file a third amended complaint.  "A party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  **Federal Rule of Civil Procedure 15(a)(2)**.  However, a different standard provided by Federal Rule of Civil Procedure 16(b)(4) applies once the scheduled deadline passes.  *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  "To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'" to modify the schedule.  *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing **Federal Rule of Civil Procedure 16(b)**)).  The plaintiff has not shown good cause exists to amend his complaint for a third time at this stage of the proceedings.

The plaintiff filed a separate motion to compel.  He contends that the defendants have not responded to his interrogatories that were served on May 4, 2018.  The defendants have indicated that the plaintiff's interrogatories were served only on Steiner, not the other defendants who were not parties to this case at that time.  Steiner's answers to the interrogatories are attached to the plaintiff's motion.  (DE 84, at 8-10).  The court cannot compel the other defendants to answer interrogatories that were never propounded to them.  *See* **Federal Rule of Civil Procedure 37(a)(3)(B)(iii).**  Moreover, this court previously found that "a motion based on discovery obligations should have been made during the discovery phase of the case before Judge

4

Rodovich, which ended August 31, 2018." (DE 38, at 4). Accordingly, the plaintiff's motion is untimely.

Based on the foregoing reasons, the Motion for the Court to Grant Leave to Extend Time for Plaintiff to Respond to Defendants [ECF 77] Mitchell Fabrics LLC; [ECF 49] Steiner Enterprises Inc. Motion on the Pleadings; [ECF 65] Marco Holdings LLC; and [ECF 68] Randall Holmes Motion to Dismiss [DE 82] is **GRANTED in part and DENIED in part,** and the Motion to Compel Defendants to Respond to Plaintiff's Interrogatories [ECF 20] to Distinguish Company Officer Duties [DE 84] is **DENIED.**

The plaintiff has until **June 16, 2020** to file responses to Defendant Steiner Enterprises' Motion for Judgment on the Pleadings [DE 49], Defendant Marco Holdings LLC's Motion to Dismiss [DE 65], Defendant Randall Holmes' Motion to Dismiss [DE 68], and Defendant Mitchell Fabrics LLC's Motion for Summary Judgment [DE 77].

ENTERED this 26th day of May, 2020.

/s/ Andrew P. Rodovich  
United States Magistrate Judge