UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| CARLOS VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:17CV88-PPS |
| | ) | |
| STEINER ENTERPRISES INC., | ) | |
| MITCHELL FABRICS LLC, | ) | |
| MARCO HOLDINGS LLC, | ) | |
| EA STAFFING SVCS INC. and | ) | |
| RANDALL HOLMES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Carlos Vasquez represents himself in this employment discrimination case by way of his First Amended Complaint. [DE 41.] Two later attempts at filing a Second Amended Complaint were rejected because the additional claims Vasquez sought to incorporate were legally frivolous. [DE 47 at 2-5.] The case arises from a failure to hire Vasquez for a warehouse specialist position. The First Amended Complaint alleges race discrimination in Count One, retaliation in Count Two, and age discrimination in Count Three. [DE 41 at 2, 11-13.] Now before me are various motions by different defendants challenging the viability of Vasquez's claims. This opinion addresses the motions of the defendants other than Mitchell Fabrics. Because the retaliation claim is disposed of in a separate opinion on Mitchell's motion for summary judgment for reasons that apply to all defendants, I omit any analysis of Count Two in this opinion.

Vasquez's pleading alleges a number of relationships between and among the defendants. Mitchell Fabrics is alleged to be "an alter ego of Steiner Enterprises upon which

it relies for externalized capital." [DE 41 at ¶3.]  Defendant Marco Holdings is alleged to be another "source of external capital" for Mitchell Fabrics, and also to own the Canal Road Building, LLC, "which is the substantiated home base of operations for the near commercially dormant Mitchell Fabrics." [*Id*. at ¶5.]  Defendant Steiner Enterprises is said to partner with non-party Blichmann Engineering in manufacturing and distributing brewing equipment.  [*Id.* at ¶¶6-7.]  Defendant EA Staffing is alleged to be a for-profit company in the business of supplying temporary labor and payroll services.  [*Id*. at ¶8.]  Vasquez identifies Steiner and Mitchell Fabrics as employers within the meaning of 42 U.S.C. §2000e(b).  [*Id.* at ¶9.]  Defendant Randall Holmes is alleged, among other things, to be General Manager at both EA Staffing and Mitchell Fabrics, to be hiring manager at Greenbush Industries, and to work from Blichmann Engineering as his "business location." [*Id*. at ¶¶27 and 28.]

Vasquez is African-American.   [DE 41 at 2.]  He alleges that in January 2016, at age 54, he "applied to Steiner Enterprises Inc for a warehouse specialist position through referrals from the Indiana Work One office and was not selected for hire at Mitchell Fabrics, the job poster." [*Id*. at ¶14.]  Vasquez's application process included an interview with Thomas Hicks, whom Vasquez identifies as President of Steiner Enterprises, and included Vasquez discussing his "personal references[,] work history and the plaintiff's prior and existing OSHA complaint, online whistleblower complaint" from previous employment with Greenbush Industries.  [*Id*. at ¶¶15 and 16.]  In the First Amended Complaint, Vasquez makes allegations concerning the demographics of other applicants and hires for the

position and particulars about the hiring process, all in support of his claim that he was discriminated against as an African American.  [*Id*. at ¶¶18 - 26.]

### **Defendant Steiner Enterprises' Motion for Judgment on the Pleadings**

Steiner Enterprises argues that it is entitled to judgment on the pleadings because it is not an "employer" for purposes of Vasquez's federal discrimination claims. A motion for judgment on the pleadings is brought under Fed.R.Civ.P. 12(c), and is granted if it "appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved."  *Brunt v. SEIU*, 284 F.3d 715, 718-19 (7th Cir. 2002).  *See also Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

The term "employer" is defined at 42 U.S.C. §2000e(b) as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person*...." (Emphasis added.)  The definition applicable to Vasquez's age discrimination claim varies slightly, requiring a minimum of 20 employees, but also expressly covers the "agent of such a person."  29 U.S.C. §630(b)(1).

As applicable to Vasquez's race discrimination claim under Title VII, 42 U.S.C. §2000e-2(a) provides:

> It shall be an unlawful employment practice for an employer –
>   (1) *to fail or refuse to hire* or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>   (2) *to limit, segregate, or classify* his employees or *applicants for employment* in any way which would deprive or tend to deprive any individual of

3

> employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(Emphasis added.)  The ADEA contains analogous statutory language proscribing employment decisions because of an individual's age.  29 U.S.C. §623(a).

The Seventh Circuit has identified circumstances where "Title VII plaintiffs may maintain a suit directly against an entity acting as the agent of an employer," including where the agent "exercise[s] control over an important aspect of [the plaintiff's] employment, where the agent significantly affects access of any individual to employment opportunities, or where an employer delegates sufficient control of some traditional rights over employees to a third party."  *Alam v. Miller Brewing Co.*, 708 F.3d 662, 669 (7th Cir. 2013).  An "alter ego" theory is also invoked by Vasquez.  "[A] corporation may be liable for its affiliate's discriminatory acts if (1) the traditional conditions for 'piercing the corporate veil' are present; or (2) the corporation took actions, e.g., split itself into a number of smaller corporations, for the express purpose of avoiding liability under the discrimination laws; or (3) the corporation directed the discriminatory act, practice, or policy of which the employee is complaining."  *Coleman v. ANR-Advance*, 34 Fed.Appx. 223, 225 (7th Cir. 2002), citing *Worth v. Tyer*, 276 F.3d 249, 259-60 (7th Cir. 2001), and *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940-41 (7th Cir. 1999).

Steiner cites several allegations in the First Amended Complaint, such as that Vasquez "was not selected for hire at Mitchell Fabrics, the job poster."  [DE 50 at 3, citing DE

4

41 at ¶14.[1]] Also that "[d]efendant Mitchell never posted more than two positions for warehouse specialist positions at any one time...." [DE 50 at 3, citing DE 41 at ¶18.] But Vasquez also expressly alleges that Mitchell Fabrics is "an alter ego of Steiner Enterprises upon which it relies for externalized capital." [DE 41 at ¶3.] A further allegation of linkage is that Steiner, Mitchell, and Blichmann share a unified workforce and human resources department, and that Steiner and Mitchell "play cat and mouse with the EEO- race ethnicity & gender reporting threshold," by diverting employees to Blichmann's rolls in order to keep their workforce under 50 employees and claim an exemption from the annual EEO-1 filing requirement. [DE 41 at ¶¶, 29, 31, 33.] As for the hiring process specifically challenged by Vasquez, he alleges that he "applied to Steiner Enterprises Inc. for a warehouse specialist position" and that he was interviewed by "Steiner Enterprises Company President Thomas Hicks" although Hicks was not "empowered to make hires" for Mitchell Fabrics. [*Id.* at ¶¶14, 15, 39, 40.] Vasquez also contends that non-black job applicants for the Mitchell Fabrics warehouse specialist job were "directed to a different location for interview." [*Id.* at ¶40.]

These allegations might support a theory that Steiner has liability for discrimination because it was Mitchell Fabrics' alter ego and/or because Steiner was delegated significant authority to interview job applicants (but with a foregone determination not to hire based on race), and because Steiner was involved in a scheme to segregate job applicants on the basis of race during the hiring process. Steiner's simple analysis does not address these alter ego

---

[1] Steiner erroneously cites to a proffered Second Amended Complaint that was ordered stricken. I have corrected the cite to the same allegation in the operative First Amended Complaint.

5

and agent liability possibilities. Because Steiner fails to demonstrate beyond a doubt that Vasquez cannot prove facts that could support Steiner's liability on Vasquez's claims, Steiner's motion for judgment on the pleadings will be denied.

### Defendant EA Staffing Service, Inc.'s Motion to Dismiss

EA Staffing makes several arguments for dismissal of Vasquez's claims against it. EA argues that because Vasquez has already pursued a separate lawsuit against EA to conclusion, his attempt to sue EA in this case is impermissible "claim-splitting." [DE 55 at 2-3.] Vasquez sued EA Staffing and Caterpillar Logistics, Inc. for race, sex and age discrimination after he was fired in February 2015 from a job with Caterpillar that EA had placed him in. In that case, Judge Springmann granted a motion to dismiss several of Vasquez's discrimination claims against EA because only Caterpillar was named in the EEO Charge of Discrimination necessarily filed as a predicate to those claims. [*Vasquez v. Caterpillar Logistics, Inc., et al.*, Case 1:15CV398-TLS, DE 18 at 6.] After the defendants were later granted summary judgment on the remaining claims, Vasquez appealed and the Seventh Circuit Court of Appeals affirmed the judgment. *Vasquez v. Caterpillar Logistics, Inc.*, 742 Fed.Appx. 141 (7th Cir. 2018).

EA Staffing contends that "[t]o the extent that Plaintiff Vasquez is attempting a claim against EA Staffing regarding events predating his alleged application to work for Defendant Mitchell Fabrics, the history between Vasquez and EA Staffing has already been adjudicated," so that such a claim is barred by the doctrines of claim preclusion and/or issue preclusion. [DE 55 at 2-3.] Though that may be true, it does not appear to me that Vasquez's First Amended Complaint is attempting to assert claims against EA regarding

Vasquez's termination from the Caterpillar position, which was the subject of the other lawsuit. EA suggests that "[t]he allegations by Vasquez in this case do not point to any new or different allegation against EA Staffing." [DE 55 at 3.] That provides a segue to EA's better argument, namely that the allegations against it in the First Amended Complaint cannot possibly plausibly support liability because even if true they wouldn't establish that EA had an employer role with respect to Vasquez. [DE 55 at 4-5.]

This is the clearest basis for EA's dismissal. The First Amended Complaint contains very little in the way of allegations concerning EA Staffing, only that it is a subsidiary of Wabash Center Inc. (a non-party) [DE 41 at ¶¶1, 4, 8], and that defendant Randall Holmes was general manager at EA Staffing at the same time as he held various other positions including general manager at Mitchell Fabrics [*id*. at ¶27]. Vasquez's response to EA's motion suggests he believes he's made allegations that don't actually appear in the complaint.

Citing paragraphs 3, 4, 8 and 9 of the First Amended Complaint, Vasquez asserts that at the time he was not hired, defendants Steiner and Mitchell had a relationship with EA staffing "to supply temporary labor services." [DE 70 at 5; *see also id*. at 7.] No such relationship is alleged in the First Amended Complaint, nor (more importantly) is any connection of EA Staffing to the handling of Vasquez's application for the warehouse specialist position. Instead, Vasquez alleges that his application came through referral from the Indiana Work One office, not via EA Staffing. [DE 41 at ¶14.] The positions Randall Holmes allegedly held at both EA Staffing and Mitchell Fabrics, standing alone, do not

7

supply a basis for attributing any actions Holmes took for Mitchell Fabrics to his other employer.

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). No matter how liberally I construe Vasquez's pro se pleading, the sparse facts he alleges concerning EA Staffing do not sufficiently intersect with his unsuccessful job application at Mitchell Fabrics to reasonably support a conclusion that EA could be responsible for his rejection, much less that bias on the basis of race, age retaliation could be attributed to EA. The motion to dismiss will be granted.

EA also argues that Vasquez's allegations are untimely because Vasquez did not name EA in this lawsuit until October 17, 2019, more than 90 days after his receipt of the EEOC right to sue letter dated August 21, 2017, and no relation-back doctrine applies. [DE 55 at 5, citing DE 1 at 12.] For purposes of this argument, EA appears willing to forgo any argument premised on Vasquez's failure to name EA in his EEO charge and focuses instead on the untimeliness of his claims here against EA. The First Amended Complaint alleges exhaustion of administrative remedies by Vasquez's filing of EEO charges against Steiner and Mitchell only, and in response to EA's motion Vasquez offers no contention that he filed an EEO Charge against EA for the claims brought in this action. [DE 41 at ¶12; DE 70.] Without specifically addressing his EEO filing at all, Vasquez suggests that because Steiner

8

had a business relationship with EA (one not alleged in the complaint), EA had constructive notice of Vasquez's claims, and that fraudulent behavior by Randall Holmes tolled the statute of limitations. [DE 70 at 7-9.] Because Vasquez has provided no facts to explain why any of Holmes' or Steiner's conduct relevant to his job application should be ascribed to EA, these arguments can't absolve Vasquez of the requirement to exhaust his administrative remedies as against EA before bringing discrimination claims against EA in this court. This provides a second reason for granting EA's motion to dismiss, and Vasquez's claims against EA Staffing will be dismissed with prejudice.

### Defendant Marco Holdings LLC's Motion to Dismiss

Marco Holdings' motion to dismiss argues a lack of administrative exhaustion as to Marco Holdings and a lack of factual allegations to support Marco's liability as an employer. As with EA, the allegations of the First Amended Complaint concerning Marco Holding LLC are slim. Marco is alleged to be a holding company owned by "member shareholders Thomas P. Hicks and John Blichmann." [DE 41 at ¶5.] Marco allegedly is a source of "external capital for Mitchell" and owns the building that is "the substantiated home base of operations for the near commercially dormant Mitchell Fab[ric]s." [*Id*.] That's it. And that's not sufficient by even the most generous stretch of the imagination to allow any reasonable conclusion that Marco Holding could be liable even if Vasquez proves that he was not hired due to animus based on his race, his age, or prior protected activity. Marco also seeks dismissal because Vasquez has not preserved his claims by pursuing them in his charge of discrimination with the EEOC. [DE 66 at 3.] Vasquez's First Amended Complaint alleges

9

only that he timely filed administrative charges "against Steiner Enterprises Inc. and Mitchell Fabrics LLC." [DE 41 at ¶12.]

In response to this motion, Vasquez offers only a brief and generalized defense of his complaint [DE 89] that makes no argument concerning the lack of an EEO charge of discrimination naming Marco Holdings. Given the paucity of allegations linking Marco and the two defendants named in Vasquez's administrative proceedings, I can only conclude that Vasquez has not administratively exhausted his claims against Marco Holdings. For both reasons – lack of administrative exhaustion and lack of facial plausibility – Marco Holdings' motion to dismiss will be granted, and Vasquez's claims against Marco Holdings will be dismissed with prejudice.

## Defendant Randall Holmes' Motion to Dismiss

Similar to Marco Holdings, Randall Holmes moves to dismiss Vasquez's claims against him for lack of administrative exhaustion and for failure to state a claim on which relief could be granted. Vasquez's opposition to Holmes' motion mirrors his response to Marco Holdings' motion, and likewise fails to offer any defense to the lack of administrative exhaustion, which alone is fatal to his claims against Holmes.

In addition to the lack of exhaustion, Vasquez's claims against Holmes are not supported by a plausible factual basis. Holmes is an individual; he is the general manager of Mitchell Fabrics. Individual supervisors are not liable under Title VII or the ADEA for discriminatory conduct. "Supervisors, in their individual capacity, do not fall within the definition of employer under Title VII, the ADEA or the ADA." *Shaikh v. Watson*, No. 10 C 1715, 2011 WL 589638, at *2 (N.D.Ill. Feb. 8, 2011), citing *Williams v. Banning*, 72 F.3d 552, 555

10

(7th Cir. 1995).  Instead, employers such as Mitchell Fabrics "are strictly liable for the discriminatory acts perpetrated by supervisors" such as Holmes, without the supervisor having to be named separately as a party to the case.  *Johnson v. Advocate Health and Hospitals Corporation*, 892 F.3d 887, 904 (7th Cir. 2018).

What's more, even if Holmes could somehow be deemed an employer, the allegations against him have nothing to do with employment discrimination based on an invidious reason such as gender, age, or race. Instead, the allegations against Holmes have to do with Vasquez having previously filed a "charge regarding vehicular motor part safety" against Caterpillar Logistics, and Holmes' alleged actions in retaliation.  [DE 41 at 2.][2]  But these allegations can't possibly support a claim for discrimination based on race or age.  Nor can they support a retaliation claim because the protected activity had nothing to do with speaking out about possible violations of Title VII or the ADEA. For these reasons, Randall Holmes' motion to dismiss the claims against him will be granted, and those claims will be dismissed with prejudice.

**ACCORDINGLY:**

Defendant Steiner Enterprises's Motion for Judgment on the Pleadings [DE 49] is DENIED.

Defendant EA Staffing Service, Inc.'s Motion to Dismiss [DE 54] is GRANTED.

Defendant Marco Holdings LLC's Motion to Dismiss [DE 65] is GRANTED.

---

[2] As I indicated earlier (*see* p.1 *supra*) Count Two's retaliation claim on that basis is disposed of in a separate opinion on Mitchell's motion for summary judgment for reasons that apply to all defendants, and I omit any analysis of Count Two in this opinion.

Defendant Randall Holmes' Motion to Dismiss [DE 68] is GRANTED.

**SO ORDERED**.

ENTERED: October 1, 2020.

                                             /s/ Philip P. Simon
                                        UNITED STATES DISTRICT JUDGE