UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| CARLOS VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:17CV88-PPS |
| | ) | |
| STEINER ENTERPRISES INC., | ) | |
| MITCHELL FABRICS LLC, | ) | |
| MARCO HOLDINGS LLC, | ) | |
| EA STAFFING SVCS INC. and | ) | |
| RANDALL HOLMES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Carlos Vasquez alleges that Mitchell Fabrics LLC's failure to hire him constituted race discrimination, unlawful retaliation for protected activity, and age discrimination. A number of potentially dispositive motions have been filed by the various defendants Vasquez has named. This opinion only analyzes the motions addressing Vasquez's claims against Mitchell Fabrics LLC. The other defendants' motions are addressed in a separate opinion.

Mitchell Fabrics has moved for summary judgment on all three counts of Vasquez's First Amended Complaint. A procedural squall followed. Vasquez filed a "Response" to the motion "With Designation of Evidence" on June 17 [DE 93], but also a separate "Brief in Response" on June 24 [DE 95]. This spawned Mitchell's Motion to Strike the later-filed brief [DE 97], as well as Vasquez's "6(B)(1)(b) Motion" [DE 99] seeking leave for the filing of his separate and late-filed brief. Vasquez's filings did not comport with the rules that govern the briefing of motions. But Mitchell was forewarned

as to the manner in which Vasquez would proceed. The first of Vasquez's two filings in opposition, which consisted only of his "Designation of Evidence," explicitly warned that "plaintiff intends to file an accompanying responsive brief in short order." [DE 93 at 1.] Vasquez did so seven days later. [DE 95.] This of course impinged on Mitchell's time to formulate its reply, but Mitchell still had at least a week to absorb and respond to Vasquez's brief, and could have sought an extension of time if a week seemed insufficient. Instead, Mitchell filed its reply *ahead* of its deadline, only two days after it received Vasquez's brief, announcing that it would ignore Vasquez's untimely "second response brief" and move to strike it. [DE 96 at 2, n.1.]

I am unmoved by this tempest in a teapot, and will allow Vasquez's untimely brief. Vasquez is proceeding *pro se* and needs to be given some flexibility in the process especially when he specifically told Mitchell Fabrics of his plan. Mitchell sensed an opportunity and took its chances behaving as it did. I'm uncomfortable with that process. And in any event, Mitchell has not demonstrated prejudice.

## Summary Judgment Standards

Now it's on to the main event – Mitchell's motion for summary judgment. Summary judgment is proper under Fed.R.Civ.P. 56 if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014) (internal citations omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

A motion for summary judgment has been described as the time in a lawsuit to "put up or shut up." *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017). To defeat summary judgment by establishing a genuine dispute of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S 574, 586 (1986). Instead, "summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial," which means "sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in [its] favor as to any issue for which it bears the burden of proof." *Grant*, 870 F.3d at 568. Although I must construe all facts in the light most favorable to Vasquez, "[i]rrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute because the issue of fact must be genuine." *Skodras v. Gulf Stream Coach, Inc.*, No. 3:08CV441, 2010 WL 145370, at *1 (N.D.Ind. Jan. 8, 2010) (Lee, J.), citing Fed.R.Civ.P. 56(c), (e).

3

## Material Facts

Mitchell Fabrics gives a succinct summary of its theory of the case:

> The undisputed evidence shows that Mitchell Fabrics posted a job opening, and selected Vasquez to interview for the opening, but opted not to call him for a second interview, based on a legitimate, non-discriminatory evaluation by Mitchell Fabrics' President, Thomas Hicks. Vasquez speculates that a Mitchell Fabrics executive, Randall Holmes, intervened in Hicks's decision on Plaintiff's application, and that Holmes did so in retaliation for claims made by Vasquez against prior employers. The evidence shows that Holmes did not know of Plaintiff's application for work at Mitchell Fabrics or otherwise give any input to anyone about it.

[DE 78 at 2.]  In support of its request for summary judgment, Mitchell asserts the following material facts, each of which is supported by the declaration of a witness with personal knowledge.

Mitchell Fabrics is a supplier of textiles, and maintains a warehouse with an inventory of fabric, textiles and hardware.  [DE 77-2 at ¶5.]  Mitchell has 20 full-time employees and 4 owners.  [*Id*.]  Mitchell's president is Thomas Hicks, who is also the president of defendant Steiner Enterprises.  [*Id*. at ¶2, 3.]  Steiner Enterprises is an engineering company, with 22 full-time employees and 3 owners.  [*Id*. at ¶4.] Mitchell and Steiner occupy adjacent halves of a single building, but are distinct corporations engaged in entirely different operations and businesses.  [*Id*. at ¶6.]

In November 2015, Mitchell used Indeed.com to post job openings for a warehouse specialist position.  [*Id*. at ¶10.]  The position was also publicized by means of "personal outreach."  [*Id*.]  Carlos Vasquez applied to Mitchell for the position, passed an initial screening for minimum qualifications by Mitchell's Controller, Shannon Goff, and was selected by Thomas Hicks for an interview.  [*Id*. at ¶11.]

4

The interview took place on January 13, 2016.  [*Id*. at ¶12.]  Hicks attests in his deposition that the interview involved questions about Vasquez's qualifications, but nothing related to his age, race, and past or ongoing agency complaints or litigation.  [*Id*. at ¶13.]  Hicks explains that his decision not to select Vasquez for a second interview was based on concerns that Vasquez would not be able to safely, reliably and timely arrive for his shift, because Vasquez told Hicks he would rely on bus transportation requiring a walk of ¾ of a mile from the bus stop to the workplace.  [*Id*. at ¶15.]  Hicks attests that the employees eventually hired for the warehouse specialist position did not have a similar transportation limitation.  [*Id*.]  Over 500 resumes were submitted for warehouse specialist positions between November 2, 2015 and January 16, 2017, and Hicks ultimately hired 9 new workers for that role.  [*Id*. at ¶17.]

Three of the 9 hires were over the age of 40, and two of them were older than Vasquez.  [*Id*. at ¶18.]  At the time Mitchell first learned of Vasquez's allegations of discrimination, Mitchell's 9 warehouse specialists included three employees of racial minorities – one Asian employee and two Hispanic employees.  [*Id*.]  Hicks made the hiring decisions on his own, without discussion or consultation with anyone else, including defendant Randall Holmes.  [*Id*. at ¶¶16, 19.]  Hicks attests that he has never consulted Holmes regarding Carlos Vasquez as a job applicant.  [*Id*. at ¶19.]

Before joining Mitchell Fabrics in 2015, Randall Holmes was the Director of Human Resources for Wabash Center, Inc. and General Manager of EA Staffing Service, Inc.  [DE 77-4 at ¶¶2, 3, 5.]  EA Staffing is a subsidiary of Wabash Center.  [*Id*. at ¶4.]  Holmes was a member of Wabash Center's Board of Directors until June 30, 2018. [*Id*. at

¶6.]  Holmes attests that during his employment with Wabash Center and EA Staffing he had no encounters with or communications with anyone about Carlos Vasquez.  [*Id*. at ¶7.]

As a result of his duties with Mitchell Fabrics, Holmes was in Petersburg, Virginia from June 2015 to the end of January 2016.  [*Id*. at ¶9.]  While he was working out of state, Holmes did not have a role in hiring decisions for warehouse positions; instead, Thomas Hicks, with the assistance of Controller Shannon Goff, handled the hiring process for positions with Mitchell Fabrics.  [*Id*. at ¶¶10, 11.]  Holmes declares that he was unaware that Vasquez had applied for a position with Mitchell Fabrics and that he did not communicate with Hicks or Goff about Vasquez at any time prior to this lawsuit.  [*Id*. at ¶12.]  Goff's declaration confirms Hicks' assertion that Hicks was the only person to interview Vasquez and that Hicks made the decision not to call Vasquez back for a second interview.  [DE 77-3 at ¶¶12, 13.]  Goff never discussed Vasquez's job application with Randall Holmes.  [*Id*. at ¶15.]

In his "Disputed Facts" Vasquez, attempts to dispute all but one of Mitchell's 19 numbered statements of fact (Vasquez makes no response at all to number 18 of the 19 statements).  [DE 93 at 4-18.]  But Vasquez does not succeed in supporting his assertion that the facts are genuinely disputed because he fails to either cite to particular contradictory evidence or show that the evidence Mitchell cites does not support the fact or is inadmissible.  Fed.R.Civ.P. 56(b)(1)(A) and (B).  Where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," I may "consider [a] fact undisputed" and "grant summary

6

judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Rule 56(e)(2) and (3).

I have carefully considered each of Vasquez's attempts to dispute Mitchell's factual assertions. A repeated shortcoming is that Vasquez does not support his assertions with the required citation to a "particular part[] of materials in the record" as Rule 56(c)(1)(A) requires. Vasquez's failure to comply with this requirement takes at least three different forms. At times, he makes assertions of fact with no citation to supporting evidence. Sometimes the evidence he cites does not support the assertions he makes. And, finally, Vasquez regularly cites to entire exhibits rather than to any particular part, such as (by way of example) the 25 pages that make up his Exhibit D (Parts 1, 2 and 3). [DE 93 at 4; DE 93-1 at 1-25.] These failures put Vasquez at risk of summary judgment for failing to demonstrate the existence of disputed material facts. *Dickens v. Illinois*, 753 Fed.Appx. 390, 392 (7th Cir. 2018); *United States v. 5443 Suffield Terrace, Skokie, Ill,*, 607 F.3d 504, 510 (7th Cir. 2010) ("[S]ummary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact, and it was not the district court's job to sift through the record and make Connors's case for him.")

Here are a few examples of Vasquez asserting facts that he fails to support with evidence. Vasquez believes that Randall Holmes had an influential role in Mitchell Fabrics' decision not to hire him: "I later brought this lawsuit to address the negative references Thomas Hicks received from Randall Holmes regarding my [prior] employment." [DE 93 at 23, ¶13; *see also* DE 95 at 3, *id.* at 7.] But Vasquez cites no

admissible evidence that supports the conclusion that Holmes influenced Hicks' hiring

decision about Vasquez.  Nor does Vasquez offer evidence to support the claim that his

"state certified application for warehouse specialist positions" was "hand delivered...to

Randall Holmes at Mitchell Fabrics in November 2015 - Jan 13 2016 time period." [DE 93

at 5, ¶4; *see also id.* at 11-12, ¶10.]

An unsuccessful theme of Vasquez's disputes of fact is Mitchell's failure to fully

respond to discovery.  [*See, e.g.,* DE 93 at 4 *in re* ¶¶1, 2.]  At this stage, that cannot excuse

Vasquez's lack of evidence in support of his claims.  Vasquez has been afforded an

opportunity for discovery in the past, including the opportunity to petition the court to

compel responses where appropriate.  If a need for additional discovery hampered his

ability to oppose summary judgment, Vasquez should have sought appropriate relief

under Fed.R.Civ.P. 56(d).  But Vasquez has not, as the rule requires, shown "by affidavit

or declaration that, for specified reasons" he couldn't "present facts essential to justify its

opposition" and then asked me to defer ruling to allow time to take more discovery.

"Even pro se litigants are obliged to follow procedural rules," and "district judges may

strictly enforce local summary-judgment rules."  *McCurry v. Kenco Logistics Services, LLC*,

942 F.3d 783, 787, and n. 2 (7th Cir. 2019).

Vasquez also repeatedly veers away from the substance of Mitchell's Statements of

Fact into irrelevant and unsupported asides.  Vasquez believes he disproves his

antagonist Randall Holmes' "alibi," that is, his claim to have been working in Virginia for

Mitchell Fabrics "from June 2015 until the end of January 2016."  [DE 77-4 at 2, ¶9.]  This

fact, proved or not, does not bear the significance Vasquez attaches to it.  Holmes'

whereabouts neither supports nor discredits his declaration that he had no involvement in Thomas Hicks' decision not to hire Vasquez and that he had no communication with Hicks about Vasquez. To the extent Vasquez believes showing Holmes to be untruthful about his whereabouts casts doubt on Holmes' other assertions, Vasquez does not succeed.  Vasquez makes too much of the minutes of several State Workforce Innovation Council committee meetings on January 21, 2016, showing that Holmes was in Indianapolis on that date.  [DE 93-2 at 14, 16.]  That fact does not belie Holmes' claim that at that time he was working for Mitchell Fabrics in Virginia rather than Indiana, and had no input on Mitchell's Indiana hiring.  Vasquez's contentions about Holmes's positions prior to Mitchell Fabrics and his service on various boards of directors are also unhelpful to his cause.  [*See*, *e.g.*, DE 93 at 5-7.]  None of those facts, even if supported by admissible evidence, contradicts the material facts of Holmes' non-involvement in the employment decision Vasquez complains of.

Although Vasquez is generally unsuccessful in citing evidence to contradict Mitchell's assertions of fact, Vasquez has provided a declaration that effectively disputes several facts that Mitchell's analysis relies upon.  Vasquez's briefing does not cite the declaration specifically, and though I may not have been required to root out the pertinent contentions on Vasquez's behalf, they became apparent to me in my review of all his filings.  First, Vasquez attests that in his interview with Thomas Hicks, they did not discuss Vasquez's transportation arrangements in the event that he was hired for the warehouse specialist position.  [DE 93 at 22, ¶9.] Second, the declaration indicates that, during the interview, Vasquez advised Hicks that in the course of an earlier employment

he had "previously filed a safety complaint with OSHA DOL against Caterpillar

Logistics." [*Id.* at ¶8.]  The impact of these disputes will be explored in the analysis below.

## Discussion

### Race and Age Discrimination Claims

Mitchell's argument for summary judgment on Counts One and Three is that

Vasquez cannot make out a *prima facie* case of discrimination on the basis of race or age.

[DE 78 at 7.]  To establish a *prima facie* case of race or age discrimination in the form of

failure to hire, a plaintiff must offer evidence that: (1) he is a member of a protected class;

(2) that he applied and was qualified for an open position; (3) the he was not hired; and

(4) that the employer instead hired someone outside the protected class who had similar

or less qualifications.  *Cooper v. Murphysboro Bd. of Educ.*, 6 Fed.Appx. 438, 440 (7th Cir.

2001), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (race

discrimination).  *See also Tyburski v. City of Chicago*, 964 F.3d 590, 598 (7th Cir. 2020) (age

discrimination).  If a *prima facie* case exists, the burden shifts to the employer-defendant to

offer evidence of a legitimate non-discriminatory reason for not hiring the plaintiff.  *Id.* at

441.  If that burden is met, the plaintiff must then prove that the reason given is a mere

pretext for discrimination, by demonstrating that the "proffered reason was a lie or

completely lacked a factual basis."  *Id.*

Mitchell concedes the 1st and 3rd elements of the *prima facie* case, that Vasquez was

within protected classes on the basis of his race and his age, and that he was not hired for

a warehouse specialist position.  [DE 78 at 8.]  But Mitchell argues that Vasquez is unable

to meet the 2nd and 4th criteria, both for the same reason, namely his interview statements

indicating his reliance on a public bus that would only get him ¾ of a mile from the job site. [*Id.*]  As for the 2nd criterion on qualifications, Mitchell says that "[w]hile Vasquez met the minimal qualifications for the position itself, he mentioned several facts in his interview that indicated that he would struggle to reliably and safely show up for his shift."  [*Id.*]  Applying a similar rationale to the 4th element, Mitchell cites Hicks' explanation that "the individuals hired by Mitchell Fabrics were, at least, as equally qualified as Vasquez, but that they did not have the same potential problems with arriving to work on time and safely."  [*Id.*]

But Vasquez disputes that his reliance on bus transportation was even discussed at his interview with Hicks.  Vasquez contends in his "Disputed Facts" that he "never discussed with Thomas Hicks nor otherwise ever indicated any bus transportation would be necessary."  [DE 93 at 16.]  Vasquez didn't cite supporting evidence for this assertion, but it exists.  In his declaration made under penalty of perjury, Vasquez claims:  "I did not discuss any transportation arrangement for the position with Mr. Hicks nor did Mr. Hicks ever broach the subject [of] personal or public transportation with me."  [DE 93 at 22, ¶9.]  This contradictory assertion creates a clear dispute of fact, one that is material to Mitchell's challenge to the *prima facie* case of discrimination, and also to whether Mitchell's proffered non-discriminatory reason for rejecting Vasquez is a pretext.  Mitchell is therefore not entitled to summary judgment on the age and race discrimination claims based on its *McDonnell Douglas* analysis.

The *McDonnell Douglas* framework is "merely one way of culling the relevant evidence needed to demonstrate whether a reasonable factfinder could conclude that an

employer engaged in an adverse employment action" based on the plaintiff's age or race. *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018). At the summary judgment stage the court may assess the evidence as a whole, considering all the admissible evidence to decide whether a reasonable jury could find that the plaintiff suffered an adverse employment action because of a prohibited consideration. *Tyburski*, 964 F.3d at 598. But Mitchell has not attempted or invited that broader analysis, instead limiting its argument to the *McDonnell Douglas* framework. The limits set out in Rule 56(f) prevent me from undertaking that kind of review *sua sponte* on the current record. Because the survival of the race and age claims may lead to additional discovery per my order referring the matter back to Judge Rodovich [DE 61], I am not inclined to initiate consideration of judgment independent of the current motion pursuant to Rule 56(f).

Retaliation Claim under Title VII or MAP-21

Vasquez's claim of retaliation in Count Two is premised on his having "previously filed a work place safety complaint" concerning a prior employer. [DE 41 at 12, ¶41.] Vasquez describes that complaint as "a charge regarding vehicular motor part safety in violation of the MAP-21 statute." [*Id*. at 2.] The statute Vasquez cites, 49 U.S.C. §30171, prohibits employment discrimination by any "motor vehicle manufacturer, part supplier, or dealership" because of an employee's allegation of a motor vehicle safety violation as described in the statute. The provision is within the "Moving Ahead for Progress in the 21st Century Act" or "MAP-21." *Barcomb v. General Motors L.L.C.*, Case No. 4:16-cv-01884-SNLJ, 2019 WL 296479, at *1 (E.D.Mo. Jan. 23, 2019). Mitchell also construes Vasquez's

12

complaint as asserting a retaliation claim based on "his prior lawsuit for race, age, and sex discrimination against Caterpillar and EA Staffing." [DE 78 at 11.]

But I'll address the MAP-21 claim first. Mitchell agues that Vasquez has not "exhausted his administrative remedies" under the statute. [DE 78 at 12.-13.] The relief afforded a whistleblower under §30171 is first sought by filing a complaint with the Secretary of Labor alleging a discharge or discrimination in violation of the act. 49 U.S.C. §30171(b)(1). If the Secretary timely issues a final order on the complaint, judicial review by a "person adversely affected or aggrieved" by the order is available not from a U.S District Court, but from a federal Court of Appeals. §30171(b)(4)(A). The only statutorily prescribed route to the district court is limited to circumstances in which the Secretary has not acted on an administrative complaint in a timely manner – "if the Secretary has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee." §30171(b)(3)(E). Vasquez has not alleged, much less demonstrated, that he made a complaint to the Secretary of Labor concerning Mitchell's failure to hire him, or that the Secretary's tardy action on his complaint enables Vasquez to seek de novo review of the claim in this court. So the MAP-21 retaliation claim in Count Two is subject to summary judgment in favor of Mitchell, and all other defendants as well.

I also conclude that Mitchell is entitled to summary judgment as to any claim of retaliation based on Vasquez's prior discrimination lawsuit, for two reasons. First, I don't construe Vasquez's retaliation count to make such a claim. Count Two refers only to a prior "work place safety complaint." [DE 41 at 12, ¶41.] There is no reference there or

13

elsewhere in the First Amended Complaint to a prior discrimination action.  Second, with respect to that protected activity, Vasquez lacks any evidence to support decisionmaker Hicks' knowledge.  Vasquez clearly believes that Randall Holmes arrived at Mitchell Fabrics with an ax to grind against him, but whether or not that is true, Vasquez is unable to demonstrate by admissible and relevant evidence that Holmes had anything to do with the decision to end Vasquez's candidacy for a warehouse position or that Holmes had shared negative (or any) information about Vasquez with Hicks or others at Mitchell. Summary judgment will be granted as to any retaliation claim based on Vasquez's prior discrimination lawsuit.

## Conclusion

Mitchell Fabrics has not succeeded in demonstrating that it is entitled to judgment as a matter of law on Carlos Vasquez's claims for race and age discrimination in Counts One and Three of the First Amended Complaint.  But as to his claim of retaliation in Count Two, Mitchell has shown that it is entitled to summary judgment on a basis that applies to all the other defendants as well.  Vasquez has no viable claim as a whistleblower under MAP-21.  As for retaliation actionable under Title VII, the evidence does not support a reasonable conclusion that the decisionmaker Thomas Hicks had knowledge of Vasquez's prior employment discrimination lawsuit, even if the First Amended Complaint is construed to assert a retaliation claim on that basis.

**ACCORDINGLY:**

Defendant Mitchell Fabrics' Motion to Strike [DE 97] is DENIED.

Plaintiff Carlos Vasquez's "6(B)(1)(b) Motion" [DE 99] is construed as a motion to amend and supplement plaintiff's earlier response to Mitchell Fabrics' Motion for Summary Judgment, and is GRANTED.

Defendant Mitchell Fabrics' Motion for Summary Judgment [DE 77] is GRANTED IN PART as to Vasquez's retaliation claim in Count Two of the First Amended Complaint.  In all other respects, the motion for summary judgment is DENIED.

SO ORDERED.

Entered:  October 1, 2020.

 /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE